UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJ SINGH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF ELK GROVE, *et al.*,<br><br>　　　　　Defendants. | Case No.  2:24-cv-02455-KJM-JDP (PS)<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 2<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>ECF No. 1<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff brings this action against defendants City of Elk Grove, Sargent Trudau, and Police Chief Bobby Davis.  His complaint alleges only claims that this court has previously dismissed, and the court also lacks subject matter jurisdiction.  I will grant plaintiff's application to proceed *in forma pauperis*, which makes the required showing pursuant to 28 U.S.C. § 1915(a).  I recommend that complaint be dismissed without leave to amend.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

1

1  dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon
2  which relief may be granted, or seeks monetary relief from a defendant who is immune from such
3  relief. *Id.*

4      A complaint must contain a short and plain statement that plaintiff is entitled to relief,
5  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
6  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
7  require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
8  662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
9  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
10 identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
11 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
12 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
13 n.2 (9th Cir. 2006) (en banc) (citations omitted).

14     The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
15 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
16 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
17 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
18 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
19 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
20 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

21     **Analysis**

22     Plaintiff has filed a single-page complaint which includes vague and conclusory
23 allegations against the City of Elk Grove and two police officers. ECF No. 1 at 1. Plaintiff
24 alleges that defendants removed him from his home on October 14, 2022, and kept him away
25 from his house "to die outside from cold . . . for no reasonable legal reason" and "adopted grossly
26 illegal and unconstitutional practices, customs and policies[.]" *Id.* Plaintiff seeks damages in the
27 amount of more than $100,000,000.

28     The complaint should be dismissed because this court lacks subject matter jurisdiction and

because this court previously dismissed plaintiff's complaint regarding the same October 14, 2022 incident. Looking first at the complaint's allegations, they are sparse and insufficient to notify defendants of the specific claim plaintiff is attempting to allege. Plaintiff has not alleged any specific injury caused by defendants that can be redressed here. Therefore, this court does not have jurisdiction over this action; the complaint alleges no federal claim and there is no diversity jurisdiction because both plaintiff and defendants are citizens of California. *See* ECF No. 1-1 at 1. Moreover, as plaintiff has alleged no legal or factual basis for the claimed damages, the amount in controversy requirement plainly cannot be met. *See McDaniel v. Hinch*, No. 2:17-cv-02448-KJM-CKD (E.D. Cal. July 11, 2018) ("[W]ith no stated claim triggering either diversity or federal question jurisdiction, the complaint is properly subject to dismissal for lack of jurisdiction. Fed. R. Civ. P 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).").

Further, court records reflect that plaintiff has filed a complaint in this district that is nearly identical to the complaint in this case. *See Singh v. City of Elk Grove*, 2:23-cv-00057-TLN-CKD (E.D. Cal Aug. 7, 2023) (dismissing the complaint without prejudice for lack of federal subject matter jurisdiction). In that case, the court dismissed plaintiff's complaint against the same defendants with substantially similar allegations concerning plaintiff's removal from his home on October 14, 2022, for lack of subject matter jurisdiction. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (holding that a complaint that "merely repeats pending or previously litigated claims" may be dismissed as frivolous under the authority of 28 U.S.C. § 1915).

Consequently, the complaint should be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Accordingly, it is hereby ORDERED that plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

Further, it is RECOMMENDED that:

1. Plaintiff's complaint, ECF No. 1, be dismissed without leave to amend for lack of

subject matter jurisdiction; and

    2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    October 18, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4